# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 19-1256**

**September Term, 2020**
FILED ON: MARCH 16, 2021

PCC STRUCTURALS, INC.,
                PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
                RESPONDENT

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, LOCAL LODGE 63,
                INTERVENOR

Consolidated with 20-1011

On Petition for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board

Before: WILKINS and KATSAS, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## **JUDGMENT**

The Court has considered this appeal on the administrative record and on the parties' briefs and oral argument. The Court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED** that the petition for review be **DENIED** and the cross-application for enforcement be **GRANTED**.

The National Labor Relations Board held that PCC Structurals, Inc. committed an unfair labor practice by refusing to bargain with the International Association of Machinists and Aerospace Workers, the union representing three groups of welders employed at two PCC facilities. PCC refused to bargain in order to obtain judicial review of a prior decision, made by a Regional Director and undisturbed by the Board, that the welders are an appropriate bargaining unit under the National Labor Relations Act. We deny PCC's petition for review and grant the Board's cross-application for enforcement.

We review NLRB unit determinations deferentially, for the Board "need only select an

appropriate unit, not the most appropriate unit." *S. Power Co. v. NLRB*, 664 F.3d 946, 951 (D.C. Cir. 2012) (cleaned up); *see* 29 U.S.C. § 159(b). Nonetheless, we still "must consider whether the Board's findings of fact are supported by substantial evidence and whether its reasoning is arbitrary and capricious." *Int'l Longshore & Warehouse Union v. NLRB*, 971 F.3d 356, 360 (D.C. Cir. 2020) (cleaned up).

The Regional Director ruled that the unit of welders was appropriate under either of two balancing tests, the "community of interests" test and the "craft unit" test. The community-of-interests test looks to whether the employees in a proposed unit (1) are organized into a separate department, (2) have distinct skills and training, (3) perform distinct work, (4) are functionally integrated with other employees, (5) have frequent contact with other employees, (6) interchange with other employees, (7) have distinct terms of employment, and (8) are separately supervised. *United Operations, Inc.*, 338 N.L.R.B. 123, 123 (2002). The craft-unit test considers whether the employees (1) engage in a formal training or apprenticeship program, (2) perform work functionally integrated with that of other employees, (3) have duties that overlap with those of other employees, (4) receive work assignments according to need rather than on craft or jurisdictional lines, and (5) share common interests with other employees. *MGM Mirage*, 338 N.L.R.B. 529, 532 (2002).

A three-member panel of the Board denied further review. In doing so, one two-member majority concluded that the unit was appropriate under the community-of-interests test, while a different two-member majority concluded that the unit was appropriate under the craft-unit test. At oral argument, PCC acknowledged that upholding the unit determination under one test would have no legal or practical difference from upholding it under the other. We reject PCC's various challenges to the unit determination.

PCC contends that neither majority opinion offered a reasoned analysis. We read each opinion as adopting the Regional Director's analysis under one of the two tests. The craft-unit majority expressly agreed with the Regional Director that the unit was appropriate under the craft-unit test. And although the community-of-interests majority did not expressly endorse the Regional Director's decision, it explained that "the Regional Director relied on … the community-of-interest analysis" before concluding that the unit was appropriate under that test. J.A. 1309 n.1. In similar circumstances, we have inferred that the Board, by restating a regional director's conclusions, adopted his decision. *NBCUniversal Media, LLC v. NLRB*, 815 F.3d 821, 828 (D.C. Cir. 2016). Alternatively, for terse denials of review, we would look through the denial to directly review the Regional Director's decision. *See Pearson Educ., Inc. v. NLRB*, 373 F.3d 127, 131 (D.C. Cir. 2004).

The Regional Director's decision was adequately reasoned. PCC argues that the Regional Director improperly collapsed the two tests by applying them simultaneously. But the Regional Director treated the two tests as distinct; he discussed the tests separately at the outset, and he concluded by separately weighing the factors of each test. Given the substantial overlap between the tests, he sensibly discussed the common factors together to avoid redundancy.

As to the community-of-interest holding, PCC contends that the Regional Director made findings unsupported by substantial evidence and that the Board failed to apply its intervening

decision in *Boeing Co.*, 368 N.L.R.B. No. 67 (2019). But PCC discusses only three of the eight factors in the test, leaving unchallenged much of the evidence that supports the Regional Director's findings—including the distinct wages, skills, training, and job duties that distinguish the welders from other workers. And we cannot consider whether the Board erred in failing to apply *Boeing* because PCC did not ask the Board to consider that decision. *See* 29 U.S.C. § 160(e)–(f).

As to the craft-unit holding, PCC again challenges the Regional Director's findings without discussing the ample evidence supporting them. For example, PCC contends that the welders were functionally integrated with its broader workforce because they do grinding work alongside other employees, but it does not mention that the Regional Director found that grinding was only a small percentage of the welders' duties. Similarly, PCC highlights that the welders do not need a formal apprenticeship, but it fails to address the Regional Director's finding that they still must acquire specialized skill and experience. PCC next contends that the Board invoked inapposite craft-severance decisions, which apply a different standard for separating skilled workers from a preexisting bargaining unit. *See CF Braun & Co.*, 120 N.L.R.B. 282 (1958); *Hughes Aircraft Co.*, 117 N.L.R.B. 98 (1957). We find no reversible error from the Board's citing those decisions as merely instructive on whether welders constituted craft workers, a question implicated in both craft-unit and craft-severance disputes. Finally, we reject PCC's argument that it was deprived of due process because the Regional Director did not provide notice that he was considering the craft-unit test. As noted above, the two tests have considerable overlap. And absent any colorable defense under the craft-unit test, PCC cannot show that any lack of notice was prejudicial, which is necessary to establish a due-process violation in this context. *See Davis Supermarkets, Inc. v. NLRB*, 2 F.3d 1162, 1169 (D.C. Cir. 1993).

For these reasons, we deny the petition for review and grant the Board's cross-application for enforcement. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

3